UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

LINDSAY KLEYNEN, individually
And on behalf of all others similar situated,

    Plaintiff,

vs.

IGEL BEAUTY LLC

    Defendant.
_____/

**DEFENDANT IGEL BEAUTY LLC'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant iGel Beauty LLC ("IGEL") removes the above-styled action brought by Plaintiff Lindsay Kleynen from the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida, Case No. 23-001029-CI to the Tampa Division of the Middle District of Florida. The grounds in support of this notice of removal are as follows:

**INTRODUCTION**

1. Plaintiff filed suit against IGEL in the 6th Judicial Circuit in and for Pinellas County, Florida, Case No. 23-001029-CI on behalf of herself and all others similar situated (the "State Court Action"). True and correct copies of: Plaintiff's Complaint is attached hereto as **Exhibit 1**, the State Court Docket Sheet is

attached hereto as **Exhibit 2**, all other State Court documents is attached hereto as **Composite Exhibit 3**.[1]

2. Plaintiff's Complaint asserts a cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and under the Florida Telephone Solicitation Action, Fla. Stat. § 501.059 ("FTSA") based upon IGEL's alleged telephonic call(s) and text message allegedly sent to Plaintiff.

3. On April 12, 2023, IGEL was served with a copy of Plaintiff's Complaint. A copy of the Affidavit of Service is attached to this notice of removal as **Exhibit 4**.

4. Venue is proper in the Tampa Beach Division of the Middle District of Florida because the Circuit Court in which the action is pending is within the jurisdiction of the district. *See* 29 U.S.C. § 1446(a).

## GROUNDS FOR REMOVAL

5. United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

6. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[1] IGEL notes that no Answer and Affirmative Defenses or other motions, have been filed in the State Court.

7. Additionally, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

8. Plaintiff bases both causes of action upon a single set of related conduct. Plaintiff alleges that "Defendant sent or caused to be sent the telephonic sales call to Plaintiff's cellular telephone" including a purported text message exhibited in the Complaint, without prior express consent. **Exhibit 1** at ¶ 11; *see also id.* at ¶ 55 (asserting that the basis for Count I is IGEL's alleged conduct of "initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff"); *id.* at ¶ 64 (asserting that the basis for Count II is that IGEL "made and/or knowingly allowed the telephonic sales call to Plaintiff).

9. Based upon this purported conduct, Plaintiff asserts two causes of action against IGEL: Count I purports to assert an alleged violations of 47 U.S.C. § 227, and Count II to claims to assert an alleged violation of Fla. Stat. § 501.059.

10. As Count I necessarily raises a federal claim, an alleged violation of the TCPA, it consequently involves claims that "arise under" the laws of the United States. *See* 28 U.S.C. § 1331. Accordingly, this Court may properly exercise original federal question jurisdiction over Plaintiff's TCPA claim.

11. With respect to Count II, which is based on the same alleged conduct, this Court has supplemental jurisdiction over Plaintiff's claim for a violation of

FTSA because it is related to the TCPA claim, for which this Court has original jurisdiction, in that they form part of the same case or controversy as they share the same factual allegations. *See* 28 U.S.C. § 1367.

### **REMOVAL IS TIMELY**

12. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1). The State Court Action is being removed within thirty days of April 12, 2022, the date IGEL was served with the summons and copy of the Complaint.

### **STATE COURT NOTICE**

13. Promptly after filing this Notice of Removal, IGEL will file and serve written notice to Plaintiff that the matter has been removed and a copy of this Notice of Removal will be filed with the Circuit Clerk of Pinellas County, Florida. *See* Notice of Filing Notice of Removal which is attached to this notice of removal as **Exhibit 5**.

### **CONCLUSION**

14. For the foregoing reasons, IGEL removes to this Court the above-captioned action from the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida, Case No. 23-001029-CI, to the Tampa Division of the Middle District of Florida. This Court has original jurisdiction of Count I alleging a TCPA violation and supplemental jurisdiction over Count II alleging a FTSA violation.

Dated: May 1, 2023                                    Respectfully submitted,

                                                    *s/ Alex L. Braunstein*
                                                  ALEX L. BRAUNSTEIN, ESQ.
                                                  Florida Bar No. 98289
                                                  Email: abraunstein@foxrothschild.com
                                                  Fox Rothschild LLP
                                                  777 S. Flagler Dr., Suite 1700
                                                  West Palm Beach, FL 33401
                                                  Telephone:  (561) 835-9600
                                                  Facsimile:   (561) 835-9602

                                                  *Attorneys for Defendant IGEL Beauty LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1 2023, the foregoing document was electronically filed and served on all counsel of record identified in the Service List below via email.

                                                  *s/ Alex L. Braunstein*
                                                  Alex L. Braunstein, Esq.

# **SERVICE LIST**

*Lindsay Kleynen v. IGEL Beauty LLC.*
Case No. _____
United States District Court, Middle District of Florida

Andrew Shamis, Esq.
Email: ashamis@shamisgentile.com
Garrett O. Berg, Esq.
Email: gberg@shamisgentile.com
Shamis & Gentile, P.A.
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel:    (305) 479-2299

Scott Edelsberg, Esq.
Email: scott@edelsberglaw.com
Christopher Gold, Esq.
Email: chris@edelsberglaw.com
Edelsberg Law, P.A.
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
Tel: (305) 975-0915

Attorneys for Plaintiff
*Via Email*

Alex L. Braunstein, Esq.
Email: abraunstein@foxrothschild.com
Fox Rothschild LLP
777 S. Flagler Dr., Suite 1700
West Palm Beach, FL 33401
Tel:    (561) 835-9600
Fax:    (561) 835-9602
Attorneys for Defendant
*Via Email*